DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that terminated the parental rights of appellants Cherreen P. and Paul G., parents of Briazanna, Paul and Shavanna G. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellants set forth two assignments of error:
 {¶ 3} "I. The trial court's grant of permanent custody was not supported by clear and convincing evidence and the determination that LCCS made reasonable efforts to prevent the removal of the minor child was in error and prejudiced the appellant.
 {¶ 4} "II. The trial court erred to the prejudice of the appellant when it found that it was in the child's best interest that the plaintiff-appellee be granted permanent custody of the minor child."
 {¶ 5} The undisputed facts relevant to the issues raised on appeal are as follows. On October 29, 2003, appellee Lucas County Children Services ("LCCS") filed a complaint in dependency and neglect and a motion for shelter care as to all three children. In the complaint, the agency stated it had received several referrals alleging appellants were selling WIC supplies to obtain money, did not have adequate food in the home and were taking the children to drug houses. One referral concerned possible medical neglect of the children. The agency further stated Briazanna, then five years old, reported to caseworkers her father had bitten her on the back and had hurt her mother on other occasions. The agency alleged in the complaint that once appellants became aware Briazanna was being seen at school by LCCS they kept her home to avoid further contact with the agency. The agency also alleged caseworkers had attempted approximately 13 home visits but appellants had refused to answer the door even though it was clear someone was home. Finally, the agency alleged father lost permanent custody of another child in September 2003, and had failed to follow through with requirements that he undergo counseling for domestic violence and substance abuse.
 {¶ 6} Mother was present at the shelter care hearing on October 29, 2003, and was served with a copy of the complaint. Father did not appear but was later served with a copy of the complaint. Counsel was appointed for each parent and a guardian ad litem was appointed for the children. At the conclusion of the hearing, the magistrate granted temporary custody of the children to LCCS for placement in shelter care.
 {¶ 7} On December 4, 2003, an adjudication and disposition hearing was held. Both parents were present and consented to a finding of dependency and neglect as to all three children. Temporary custody was awarded to LCCS and the case plan was approved and made part of the dispositional order.
 {¶ 8} The case plan addressed concerns regarding father's history of assaultive behavior and both parents' admissions of a lengthy history of substance abuse, including the regular use of crack cocaine. The plan required mother and father to complete a drug and alcohol assessment and follow any and all treatment recommendations. After appellants completed the assessment, intensive outpatient treatment was recommended for both.
 {¶ 9} On March 3, 2004, the agency filed a motion to show cause alleging that neither parent had complied with the court's orders. In support of the motion, the agency stated that on October 30, 2003, both parents admitted to an agency caseworker they were actively using drugs, and on December 7, 2003, father admitted to his caseworker that he abused crack cocaine on a regular basis. On February 18 and 19, 2004, both parents again admitted abusing crack cocaine. The motion further alleged appellants attended four substance abuse treatment sessions in December 2003 but had not attended since, despite being ordered to attend three times per week. Finally, the agency alleged appellants failed six times to submit to required substance abuse screens between November 2003 and February 2004.
 {¶ 10} The trial court held a hearing on the show cause motion on March 15, 2004. Both parents were found in contempt of the court's orders and placed in the family drug court program for at least one year beginning March 18, 2004. The parties were advised that if they violated the court's orders regarding substance abuse treatment they could be sentenced to up to 30 days incarceration.
 {¶ 11} On September 10, 2004, LCCS filed a motion for permanent custody of the three children and the matter was set for hearing on November 3, 2004. Neither parent appeared at the hearing although they had received proper notice. Attorneys for the parents indicated they had no idea where their clients were or why they were not present. Both attorneys indicated they had not heard from their clients in several months despite numerous attempts to contact them.
 {¶ 12} LCCS presented the testimony of appellants' caseworker, Nicole Tarver, who had worked with the family for approximately one year. Tarver testified the agency prepared a case plan offering substance abuse and mental health assessment and treatment. Tarver explained that in February 2004, when appellants were not compliant with the case plan, they were placed in family drug court through which they received services. Tarver testified that both parents began but never completed substance abuse treatment and that neither parent successfully completed family drug court. Neither parent followed through with the mental health assessment. Tarver further testified appellants were offered visitation but as of November 2004, there had been no visitation or contact with the children since the previous April. Tarver stated she had not had contact with appellants since May 2004, despite numerous attempts to contact them by phone and visits to the home. The caseworker further stated both parents told her they wanted to regain custody of their children and she urged them to reengage in services, which they failed to do. Tarver also stated the children had been in foster care continuously since October 29, 2003, and were with foster parents who have expressed interest in adopting them. She stated the agency believes an award of permanent custody is in the children's best interest. The children's guardian ad litem agreed.
 {¶ 13} By judgment entry filed December 8, 2004, the trial court found there was clear and convincing evidence to support an award of permanent custody of Briazanna, Paul and Shavanna G. to Lucas County Children Services. Appellants appeal from that judgment.
 {¶ 14} In their first assignment of error, appellants assert the trial court's decision was not supported by clear and convincing evidence and its finding that LCCS had made reasonable efforts to prevent removal of the children from the home was in error. In their second assignment of error, appellants assert the trial court erred by finding that an award of permanent custody to LCCS was in the children's best interest. These assignments of error are interrelated and will be addressed together.
 {¶ 15} In granting a motion for permanent custody, the trial court must find that one or more of the conditions listed in R.C. 2151.414(E) exist as to each of the child's parents. If, after considering all relevant evidence, the court determines by clear and convincing evidence that one or more of the conditions exists, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. R.C.2151.414(B)(1). Further, pursuant to R.C. 2151.414(D), a juvenile court must consider the best interest of the child by examining factors relevant to the case including, but not limited to, those set forth in paragraphs (1)-(5) of subsection (D). Only if these findings are supported by clear and convincing evidence can a juvenile court terminate the rights of a natural parent and award permanent custody of a child to a children services agency. In re William S. (1996), 75 Ohio St.3d 95. Clear and convincing evidence is that which is sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 16} This court has thoroughly reviewed the record of proceedings in this case, from the motion for shelter care through the hearing on the motion for permanent custody and the trial court's decision. The trial court found, pursuant to R.C. 2151.414(B)(1)(d), that the children had been in the temporary custody of LCCS for 12 or more months of a consecutive 22-month period. The record clearly supports this finding. Further, the trial court found, pursuant to R.C. 2151.414(E): appellants had failed continuously and repeatedly to substantially remedy the conditions causing the children to be placed outside the home [(E)(1)]; appellants had demonstrated a lack of commitment toward the children by failing to regularly support, visit, or communicate with them [(E)(4)]; appellant father had parental rights involuntarily terminated with respect to a sibling of the children [(E)(11)]; and appellants were unwilling to provide food, clothing, shelter and other basic necessities for the children or to prevent them from suffering physical, emotional or mental neglect [(E)(14)].
 {¶ 17} Based on the foregoing, the trial court found there was clear and convincing evidence that the children could not and should not be placed with either parent within a reasonable period of time and that an award of permanent custody to LCCS was in the children's best interest.
 {¶ 18} The trial court further found that LCCS made reasonable efforts to prevent the need for the removal of the children through a case plan that provided for substance abuse assessment and treatment, participation in Lucas County Family Drug Court, mental health services, and visitation with the children. The court concluded that all those efforts were unsuccessful.
 {¶ 19} Appellants argue they made "more than minimal progress" on their case plan and that LCCS did not make reasonable efforts to address the concerns that caused the children to be removed. The record belies both of appellants' claims, as can be seen from our summary of the case history. As to the issue of progress on the case plan, this court finds that continued abuse of crack cocaine by both parents after theirchildren had been removed from the home does not rise to the level of "progress" in any form, even "minimal progress." Appellants argue the agency failed to address the issue of neglect, which they claim was one of the initial concerns that led to the agency's involvement with the family. Appellants assert the agency should have assisted them in obtaining services to address abuse and anger management. However, it is clear from the record that the issue of appellants' drug abuse was primary and required immediate attention before other problems could be addressed. Unfortunately, neither parent was able to complete drug treatment and therefore never was in a position to address other issues.
 {¶ 20} Appellants argue they completed their substance abuse assessments and visited their children until April or May 2004. A substance abuse assessment is, of course, only the first step to addressing and overcoming a problem such as crack cocaine abuse. The record shows that neither parent followed through with case plan services designed to help them receive treatment for their substance abuse and mental health issues. The record shows that appellants' compliance with the court's orders after the show cause hearing was haphazard at best following the initial drug court hearing on March 18, 2004. Mother was incarcerated for noncompliance with treatment recommendations in March and May 2004. By July 2004, mother was again noncompliant and failed to appear at drug court. On October 5, 2004, she was terminated unsuccessfully from drug court. Father's compliance was equally inconsistent. By April 2004, he failed to appear and a warrant was issued. He was ordered into rehabilitative detention for ten days, after which he again failed to appear at drug court. Father was terminated unsuccessfully from drug court on June 30, 2004.
 {¶ 21} As to visitation, mother and father do not even attempt to explain why they failed to visit their children for the seven months prior to the final custody hearing.
 {¶ 22} Based on our review of the record, we find that the trial court's decision was supported by clear and convincing evidence and that an award of permanent custody to LCCS was in the children's best interest. Accordingly, appellants' first and second assignments of error are not well-taken.
 {¶ 23} On consideration whereof, we find that substantial justice was done the parties complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellants.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., concur.